UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

The Estate of CACHIN ANDERSON, by the Co-Administrators of the Estate, JOYCE HEMINGWAY and KANISHA NEWMAN,

Plaintiffs,

-against-

SERGEANT MICHAEL WOOD, CORRECTION OFFICER MARK PUTKOWSKI, NURSE NOELIA PARKER, NURSE RUTH FOREST,

Defendants.

Case No. 20 Civ. 1985 (KMK)

**ANSWER ON BEHALF OF RUTH FOREST**

Defendant Nurse Ruth Forest, by and through her attorneys Hoguet Newman Regal & Kenney LLP, hereby answers the allegations in Plaintiff's Complaint as follows:

1. Paragraph 1 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, Forest states that she denies the allegations except admits that Plaintiff purports to bring an action as stated in Paragraph 1.

2. Forest denies the allegations set forth in paragraph 2 of the Complaint, except admits that decedent Cachin Anderson was an inmate in the care, custody, and control, of the New York State Department of Correction and Community Supervision ("DOCCS").

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required Forest denies the allegations except admits that Plaintiffs purport to seek the relief as stated therein.

4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, Forest denies the allegations except admits that Plaintiffs purport to establish jurisdiction as stated therein.

1

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, Forest denies the allegations except admits that Plaintiffs purport to lay venue as stated therein.

6. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, except admits that the decedent was an inmate in the custody of DOCCS at Sullivan Correctional Facility on the date of his death.

7. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, except admits that Sergeant Wood was employed by DOCCS on June 28, 2017 and was assigned to the Sullivan Correctional Facility on that date, and denies that there was any violation of Plaintiff's rights.

9. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, except admits that Officer Putkowski was employed by DOCCS on June 28, 2017, and was assigned to the Sullivan Correctional Facility on that date, and denies that there was any violation of Plaintiff's rights.

10. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, except admits that Nurse Parker was employed by DOCCS on June 28, 2017, and was assigned to the Sullivan Correctional Facility on that date, and denies that there was any violation of Plaintiff's rights.

11. Forest denies the allegations set forth in paragraph 11 of the Complaint, except admits that she was a registered nurse employed by the New York State Office of Mental Health ("OMH") on June 28, 2017.

12. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, except admits that Anderson was convicted in New York.

14. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Forest denies the allegations set forth in paragraph 22 of the Complaint.

23. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint with regard to Defendants Wood, Putkowski and Parker, and denies the allegations with regard to herself.

24. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and denies that an admission would necessarily entail a review of an inmate's complete OMH records.

25. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Forest admits the allegations in paragraph 32 of the Complaint.

33. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, except admits that Parker was the only member of the DOCCS medical staff at Sullivan Correctional facility during the overnight tour.

34. Forest admits the allegations in paragraph 34 of the Complaint.

35. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43. Forest admits the allegations in paragraph 43 of the Complaint.

44. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint, except admits that Sergeant Wood did not make a referral to OMH.

46. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

47. Forest denies the allegations in paragraph 47 of the Complaint, except admits that she was in the medical clinic before her shift began that morning.

48. Forest denies the allegations in paragraph 48 of the Complaint, except admits that Nurse Parker informed her that Anderson was banging his head.

49. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

50. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

51. Forest denies the allegations in paragraph 51 of the Complaint, except admits that Nurse Parker advised her that Anderson was banging his head, and admits that Parker did not make a mental health referral at that time.

52. Forest denies the allegations in paragraph 52 of the Complaint, except admits that she was working for OMH on June 28, 2017.

53. Forest denies the allegations in paragraph 53 of the Complaint.

54. Forest denies the allegations in paragraph 54 of the Complaint, but admits that she did not visit Anderson.

55. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint.

56. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint.

57. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint.

58. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint.

61. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.

62. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

64. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

66. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint, except admits that Anderson passed away.

69. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint, except admits that Anderson was pronounced dead on June 28, 2017.

70. Forest denies the allegations in paragraph 70 of the Complaint.

71. Forest denies the allegations in paragraph 71 of the Complaint.

72. Forest denies the allegations in paragraph 72 of the Complaint.

73. Forest denies the allegations in paragraph 73 of the Complaint.

74. Forest denies the allegations in paragraph 74 of the Complaint.

75. Forest denies the allegations in paragraph 75 of the Complaint.

76. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint.

77. Forest denies the allegations in paragraph 77 of the Complaint.

78. Forest denies the allegations in paragraph 78 of the Complaint.

79. Forest denies the allegations in paragraph 79 of the Complaint.

80. Forest repeats and re-alleges the preceding paragraphs, and her responses thereto are incorporated by reference herein.

81. Forest denies the allegations in paragraph 81 of the Complaint.

82. Forest denies the allegations in paragraph 82 of the Complaint.

83. Forest denies the allegations in paragraph 83 of the Complaint.

84. Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint is a demand for a jury trial, and as such, no response is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. Defendant Forest did not intentionally or knowingly deprive inmate Anderson of any right guaranteed by the United States Constitution or any statute set forth in the Complaint, and all actions by Defendant Forest were undertaken reasonably, properly, lawfully, and in good faith and in the performance of her official duties, and in the reasonable belief that her actions were lawful and authorized.

### Third Affirmative Defense

3. Any injury or damages suffered by inmate Anderson was the result of an independent intervening cause, and not the result of any alleged actions or omissions of Defendant Forest.

### Fourth Affirmative Defense

4. Whatever injuries and/or damages were sustained by inmate Anderson at the time and place alleged in the Complaint were in whole or in part the result of his own contributory negligence.

### Fifth Affirmative Defense

5. Whatever injuries and/or damages were sustained by inmate Anderson at the time and place alleged in the Complaint were in whole or in part caused by his own culpable conduct.

### Sixth Affirmative Defense

6. Whatever injuries and/or damages were sustained by inmate Anderson at the time and place alleged in the Complaint were in whole or in part the result of the culpable conduct and/or by the want of care of third parties.

### Seventh Affirmative Defense

7. Defendant Forest is immune from suit with respect to Plaintiffs' claims brought under 42 U.S.C. § 1983 in accordance with the doctrine of qualified immunity.

### Eighth Affirmative Defense

8. Defendant Forest is immune from suit pursuant to New York State law because the acts complained of in the Complaint were within the scope of her employment and in the discharge of her duties.

### Ninth Affirmative Defense

9. Plaintiffs' claims for punitive damages must be dismissed as they are not supported in law or in fact.

**WHEREFORE**, Nurse Forest respectfully requests that the Complaint be dismissed in its entirety with prejudice, and that the Court grant any such other relief this Court deems just and proper.

Dated: New York, New York
October 9, 2020

By: _____
Helene R. Hechtkopf (HH-7402)
Steven M. Silverberg (SS-5064)
HOGUET NEWMAN
REGAL & KENNEY, LLP
60 East 42nd Street, 48th Floor
New York, NY 10165
Phone: 212-689-8808

*Attorneys for Defendant Nurse Ruth Forest*