UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

The Estate of CACHIN ANDERSON, by     :
the Co-Administrators of the Estate, JOYCE         20-CV-1985 (KMK)
HEMINGWAY and KANISHA NEWMAN,:

                        Plaintiffs,     :         **ANSWER**

                                                :     Jury Trial Demanded
        -against-     :

SERGEANT MICHAEL WOOD,     :
CORRECTION OFFICER MARK
PUTKOWSKI, NURSE NOELIA PARKER,:
NURSE RUTH FOREST,
                                        :
                      Defendants.
-----------------------------------------------------X

        Defendant Nurse Noelia Parker by her attorney LETITIA JAMES, Attorney General of

the State of New York, answers the Complaint as follows[1]:

## PRELIMINARY STATEMENT

        1.      Defendant Parker denies that any response is required to the allegations asserted in

paragraph 1 of the Complaint as they make assertions of law, and respectfully refers any question

of law contained therein to the Court.  To the extent a response is required, denies any wrongdoing

and denies violating plaintiff's constitutional rights.

        2.      Defendant Parker denies that any response is required to the allegations asserted in

paragraph 2 of the Complaint as they make assertions of law, and respectfully refers any question

of law contained therein to the Court.  To the extent a response is required, denies any wrongdoing

---

[1] This Answer is not submitted on behalf of defendants Putkowski and Wood who intend to move to dismiss the claims against them. In addition, the Office of the Attorney General does not represent New York State Office of Mental Health Nurse Ruth Forest. Nurse Forest is represented by Hoguet Newman Regal & Kenney LLP.

and denies being deliberately indifferent to plaintiff's medical needs in violation of his constitutional rights.

3.      With respect to the allegations contained in paragraph 3 of the Complaint, denies that plaintiff is entitled to any relief and denies any wrongdoing.

## JURISDICTION AND VENUE

4.      Defendant denies that any response is required to the allegations asserted in paragraph 4 of the Complaint as they make assertions of law and consist of plaintiff's characterization of the action, and respectfully refer any question of law contained therein to the Court.  To the extent a response may be deemed required, admits that plaintiff asserts jurisdiction under the statutes cited, but denies any wrongdoing.

5.      Defendant denies that any response is required to the allegations asserted in paragraph 5 of the Complaint as they make assertions of law and consist of plaintiff's characterization of the action, and respectfully refer any question of law contained therein to the Court.  To the extent a response may be deemed required, admits that plaintiff asserts venue for the reasons set forth therein, but denies any wrongdoing.

## PARTIES

6.      Admits the allegations contained in paragraph 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 7 of the Complaint.

8.      With respect to the allegations contained in paragraph 8 of the Complaint, admits that Sgt. Wood is a named defendant in this case, that he currently works for the New York State Department of Corrections and Community Supervision ("DOCCS"), and that he worked as a Sgt. at Sullivan Correctional Facility ("Sullivan") at the time of the events at issue in this case, but

denies knowledge or information sufficient to form a belief as to the allegations that Sgt. Wood participated in, witnessed, or failed to intervene in any deliberate indifference in violation of plaintiff's constitutional rights, except denies any wrongdoing.

9.      With respect to the allegations contained in paragraph 9 of the Complaint, admits that CO Putkowski is a named defendant in this case and that he worked as a CO at Sullivan at the time of the events at issue in this case, but denies knowledge or information sufficient to form a belief as to the allegations that CO Putkowski is currently employed by DOCCS and that he participated in, witnessed, or failed to intervene in any deliberate indifference in violation of plaintiff's constitutional rights, except denies any wrongdoing.

10.     With respect to the allegations contained in paragraph 10 of the Complaint, Nurse Parker admits that she is a named defendant in this case, that she works for DOCCS, and that she worked as a Nurse at Sullivan at the time of the events at issue in this case, but denies that she participated in, witnessed, or failed to intervene in any deliberate indifference in violation of plaintiff's constitutional rights.

11.     With respect to the allegations contained in paragraph 11 of the Complaint, admits that Nurse Forest is a named defendant in this case, that she works for the New York State Office of Mental Health ("OMH"), and that she worked as a Nurse at Sullivan Correctional Facility ("Sullivan") at the time of the events at issue in this case, but denies knowledge or information as to the truth of the allegations that Nurse Forest participated in, witnessed, or failed to intervene in any deliberate indifference in violation of plaintiff's constitutional rights, but denies any wrongdoing.

**FACTUAL ALLEGATIONS**

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 12 of the Complaint.

3

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 21 of the Complaint, except admits that she saw Inmate Anderson on at least one occasion.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 22 of the Complaint.

23.     Denies the allegations asserted in paragraph 23 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation pertaining to defendants Wood, Putkowski and Forest.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 24 of the Complaint, except denies that medical staff are permitted to review Office of Mental Health records.

25.     With respect to the allegations contained in paragraph 25 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

26.     With respect to the allegations contained in paragraph 26 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

27.     With respect to the allegations contained in paragraph 27 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.     Admits the allegations contained in paragraph 31 of the Complaint.

32.     Admits the allegations contained in paragraph 32 of the Complaint.

33.     Admits the allegations contained in paragraph 33 of the Complaint.

34.     Admit the allegations contained in paragraph 34 of the Complaint.

35.     With respect to the allegations contained in paragraph 35 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that she was called to the Special Housing Unit to assess Inmate Anderson and respectfully refers the Court to the written document for the full contents therein.

36.     Admits the allegations contained in paragraph 36 of the Complaint.

37.     Admits the allegations contained in paragraph 37 of the Complaint.

38.     With respect to the allegations contained in paragraph 38 of the Complaint, admits that after arriving at the cell, she evaluated Inmate Anderson and denies knowledge and information sufficient to form as a belief as to whether defendant Sgt. Wood "evaluated" Inmate Anderson, but admits that Sgt. Wood asked Inmate Anderson if he needed to see someone from OMH.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint, but admits that according to the Log Book, she was notified of Inmate Anderson's situation at approximately 4:55 am; she arrived at the SHU at approximately 5:35 am; and after waiting for Sgt. Wood to arrive, she saw Inmate Anderson at approximately 5:48 am.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, but admits that Inmate Anderson reported that he had been banging his head on the wall.

41.     Admits the allegations contained in paragraph 41 of the Complaint.

42.     With respect to the allegations contained in paragraph 42 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate

to Sgt. Woods, but admits that she had the authority to place an inmate on a one-to-one suicide watch.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint pertaining to Sgt. Wood, but admits that she did not order Inmate Anderson removed from his SHU cell for placement on a one-to-one suicide watch.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46.     Admits the allegations contained in paragraph 46 of the Complaint.

47.     Denies the allegations contained in paragraph 47 of the Complaint.

48.     Admits the allegations contained in paragraph 48 of the Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, except to the extent it alleges wrongdoing on Defendant's behalf, denies the allegations.

50.     With respect to the allegations contained in paragraph 50 of the Complaint, admits that she made a referral to OMH that Inmate Anderson be seen immediately.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, except denies any wrongdoing.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, except admits that Nurse Forest is employed by OMH as a nurse.

53.     Admits the allegations contained in paragraph 53 of the Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55 of the Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint,

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, except admits that a Code Blue was called.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.

64.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint as to the treatment Inmate Anderson received from medical staff in the SHU after the Code Blue was called but admits that after Inmate Anderson was brought to the Medical Clinic, medical staff attempted to save Inmate Anderson's life.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint but admits that Inmate Anderson was pronounced dead after he arrived at the Medical Clinic.

70.     With respect to the allegations contained in paragraph 70 of the Complaint as to defendant Parker, denies that she was aware of Inmate Anderson's history of self-harm as she did not have access to his OMH records, admits that Inmate Anderson had banged his head into the wall of his cell that morning, but denies knowledge or information sufficient to form a belief as to the truth of the allegations that Inmate Anderson was non-responsive to correctional and medical staff, but admits that Inmate Anderson responded to Sgt. Wood's question as to whether Inmate Anderson wanted to be seen by an OMH provider but ignored a similar question from Nurse Parker.   With respect to the allegations pertaining to the other defendants, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint with respect to what was "obvious" to defendants Wood, Putkowski and Forest as well as to whether plaintiff required an "immediate evaluation by mental health," except admits that  she made a referral to Nurse Forest for Inmate Anderson to be seen right away, but that she did not order that plaintiff be placed on a one-to-one suicide watch.

72.     With respect to the allegations contained in paragraph 72 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations as the term "imminent," as it is undefined and affirmatively denies any wrongdoing.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint, except denies that she took "no steps" to protect Inmate Anderson from self-harm.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint, except admits that she had the authority to order Inmate Anderson placed on a one-to-one suicide watch but denies any wrongdoing.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint.

77.     Denies the allegations contained in paragraph 77 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to defendants Wood, Putkowski, and Forest.

78.     Denies the allegations contained in paragraph 78 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to defendants Wood, Putkowski, and Forest.

## DAMAGES

79.     Denies the allegations contained in paragraph 79 of the Complaint.

## FIRST CAUSE OF ACTION

80.     As to the allegations contained in paragraph 80 of the Complaint, defendant repeats, re-alleges, and incorporates her responses to paragraphs 1- 79, as if more fully set forth herein.

81.     Denies the allegations contained in paragraph 81 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to defendants Wood, Putkowski, and Forest.

82.     Denies the allegations contained in paragraph 82 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to defendants Wood, Putkowski, and Forest.

83.     Denies the allegations contained in paragraph 83 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to defendants Wood, Putkowski, and Forest.

84.     Denies the allegations contained in paragraph 84 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to defendants Wood, Putkowski, and Forest.

## JURY DEMANDED

85.     Defendant demands a jury trial.

## WHEREFORE CLAUSE

86.     Defendant denies that plaintiff is entitled to any of the relief sought in the WHEREFORE Clause.

### AS AND FOR A FIRST DEFENSE

87.     The Complaint fails to state a claim or allege sufficient facts for which relief can be granted.

### AS AND FOR A SECOND DEFENSE

88.     If any losses or damages were sustained by plaintiff, which assumption is expressly denied, then all such losses or damages have been caused and brought about by plaintiff's own fault, neglect, negligence, lack of care, inattention, poor judgment and culpable conduct, without similar acts of the defendant having contributed thereto, and as a consequence of the foregoing, the Complaint should be dismissed in all respects, and/or proven losses or damages, if any, should be reduced and diminished in proportion to plaintiff's contributing and participating negligence and fault.

### AS AND FOR A THIRD DEFENSE

89.     The alleged conduct was properly within the discretionary authority committed to defendant to perform her official function, and the relief prayed for would constitute an improper intrusion into said discretionary authority.

### AS AND FOR A FOURTH DEFENSE

90.     The defendant at no time acted willfully or in malicious disregard of plaintiff's constitutional rights. As such, plaintiff is not entitled to punitive damages or other relief.

### AS AND FOR A FIFTH DEFENSE

91.     Defendant is not personally responsible for, or involved in, any acts of commission, or omission alleged by plaintiff, and cannot be held responsible for any agents, servants, employees, or co-workers.

### AS AND FOR A SIXTH DEFENSE

92.     The alleged injuries sustained by plaintiff in this action were caused in whole or in part by the conduct of one or more parties or entities for whose conduct defendant is not responsible.

### AS AND FOR A SEVENTH DEFENSE

93.     In light of parallel proceedings, Plaintiff's claims may ultimately be barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel.

### AS AND FOR AN EIGHTH DEFENSE

94.     Defendant has Qualified Immunity in that her conduct did not violate clearly established law or it was objectively reasonable for persons in her position to believe that her conduct did not violate clearly established law.

Dated:  New York, New York
          October 28, 2020

LETITIA JAMES
Attorney General of the
 State of New York
Attorney for Defendants Wood, Putkowski &
Parker
By:

/s/ Neil Shevlin_____
NEIL SHEVLIN
Assistant Attorney General
28 Liberty Street- 18th Floor
New York, New York 10005
Neil.Shevlin@ag.ny.gov
(212) 416-8561