UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
The Estate of CACHIN ANDERSON, by :
the o-Administrators of the Estate, JOYCE      20-CV-1985 (KMK)
HEMINGWAY and KANISHA NEWMAN,:

              Plaintiffs,    :      **STIPULATION OF**
                                          **CONFIDENTIALITY AND**
   -against-                  :      **PROTECTIVE ORDER**

SERGEANT MICHAEL WOOD,     :
CORRECTION OFFICER MARK
PUTKOWSKI, NURSE NOELIA PARKER,:
NURSE RUTH FOREST,
                                          :
             Defendants.
---------------------------------------------------X

      WHEREAS discovery herein may include the production of information and/or documents that (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize correctional or institutional safety, security or good order, (b) contain information that is confidential under state or federal law, or (c) contain personal or confidential information.

      IT IS HEREBY STIPULATED AND AGREED that:

      1.    The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

      2.    Defendants Wood, Putkowski, and Parker (hereinafter "DOCCS Defendants") may designate as confidential ("Confidential Material") documents produced from the records of the New York State Department of Corrections and Community Supervision ("DOCCS") and the information contained therein, the disclosure of which DOCCS Defendants or DOCCS reasonably believe would jeopardize correctional or institutional safety, security or good order, or which

contain information that is confidential under state or federal law.

3. Defendant Forest may designate as confidential ("Confidential Material") documents produced from the records of the New York State Office of Mental Health ("OMH") and the information contained therein, the disclosure of which Forest or OMH reasonably believe would jeopardize correctional or institutional safety, security or good order, or which contain information that is confidential under state or federal law.

4. DOCCS Defendants and Forest may further designate as "Attorney's Eyes Only" documents in the following categories.

a. Reports and other records prepared by DOCCS' Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity;

b. Reports and other records prepared by OMH, in connection with an investigation conducted by that entity;

c. All personnel, health care (including but not limited to drug or substance abuse records), mental health care, and labor relations records that contain personally identifiable information concerning any employee of DOCCS or OMH, any inmate in the custody of DOCCS, or any person subject to community supervision by DOCCS, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced;

d. Any individual's personnel records or other documents pertaining to the individual's employment, including, but not limited to, records of disciplinary proceedings, performance evaluations, and counseling;

e. All directives or written policies issued by DOCCS or any correctional facility

operated by DOCCS that are classified as "D" within the meaning of DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access;

      f. All DOCCS training materials that refer to or concern correctional, community supervision or institutional safety, security, or good order;

      g. Any other records that DOCCS Defendants, DOCCS, Forest, or OMH believe would compromise the safety or security of a DOCCS facility or office if disclosed to an inmate in the custody of DOCCS and/or the general public;

      h. Documents that contain impressions, opinions and/or conclusions of DOCCS or OMH staff, or that contain information concerning persons other than inmate Cachen Anderson;

      i. Any information of a personal or intimate nature regarding any individual.

5. All transcripts of depositions taken in this Action will be treated as Confidential Material and Attorney's Eyes Only in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, any party may designate as Confidential Material and/or Attorney's Eyes Only any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in paragraphs 2 or 3 herein, and such designation must be provided to Plaintiffs' counsel, counsel for DOCCS Defendants, and counsel for Nurse Forest in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material or Attorney's Eyes Only.

6. An inadvertent failure to designate Confidential or Attorney's Eyes Only material may be corrected by supplemental written notice given as soon as practicable.

7. To the extent Plaintiff's counsel, counsel for DOCCS defendants, or Counsel for Nurse Forest obtained copies of documents described in paragraph 2, 3, or 4 through any source other than the disclosure of confidential materials in this matter, the otherwise obtained copies of such documents are not affected by this stipulation, with the exception that such documents shall not be provided to any incarcerated individual, nor shall they be shown to an incarcerated individual other than as a marked exhibit during trial testimony or deposition testimony of the incarcerated individual in this action or a related legal matter.

8. Notwithstanding the treatment as Confidential Material or Attorney's Eyes Only of personnel, health care or mental health care records that contain personally identifiable information concerning any employee of DOCCS or OMH or any inmate in the custody of DOCCS, it is understood that the names, residence addresses, employee insurance information, Social Security numbers and/or Department Identification Numbers ("DIN") of any employee, inmate, or other person who has not provided DOCCS or OMH with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by DOCCS and OMH.

9. Confidential and Attorney's Eyes Only material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

10. A party receiving documents or information designated by another party as Confidential and/or Attorney's Eyes Only reserves the right to make an application to the Court on notice challenging the designation in whole or part of any document or information provided that such application is made within thirty days of receipt of said designated material. Prior to making such application, counsel shall in good faith attempt to resolve any dispute. If an

application to the Court is made, the Court's procedures for resolving discovery disputes shall be followed. Material designated as Confidential and/or Attorney's Eyes Only shall be treated as such until either the parties agree or the Court rules otherwise.

11. Except as otherwise provided in this Stipulation and Protective Order, access to Confidential Material and Attorney's Eyes Only material shall be limited to:

    a. Attorneys for Plaintiff;

    b. DOCCS Defendants and attorneys for DOCCS Defendants;

    c. Nurse Forest and attorneys for Nurse Forest;

    d. Employees and independent contractors of the respective attorneys for Plaintiff, DOCCS Defendants, and Nurse Forest who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

    e. The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff, DOCCS Defendants, or Nurse Forest except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

    f. Individual employees of DOCCS, to the extent that such individual employees would have access to the Confidential Material as part of their employment with DOCCS;

    g. Individual employees of OMH, to the extent that such individual employees would have access to the Confidential Material as part of their employment with OMH;

    h. Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff, DOCCS Defendants, or Nurse Forest; and

    i. The Court, including court personnel.

j. As for Confidential Material only, attorneys for Plaintiffs' counsel may allow Plaintiffs to view and inspect Confidential Material as necessary to prosecute this action. However, Plaintiffs shall not retain copies of Confidential Material. As for Attorney's Eyes Only material, Plaintiffs' counsel may not show or provide copies of Attorney's Eyes Only material to Plaintiffs, nor may they discuss Attorneys' Eyes Only Material with Plaintiffs.

12. Confidential or Attorney's Eyes Only material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over Plaintiffs' counsel, provided, however, that, in the event that Plaintiffs' counsel intends to produce documents containing Confidential or Attorney's Eyes Only material or that contain Confidential or Attorney's Eyes Only material obtained from such documents in response to such order, Plaintiffs' counsel shall serve notice of such order upon counsel for DOCCS Defendants and Nurse Forest, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give Defendants the opportunity to seek a protective order against such production.

13. Except as consented to in writing by counsel for DOCCS Defendants and Nurse Forest, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Attorney's Eyes Only material shall not be released or disclosed in any manner to any person who is or was an inmate in the custody of DOCCS.

14. Except as consented to in writing by counsel for DOCCS Defendants or counsel for Nurse Forest, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential material shall not be released or disclosed in any manner to any person who is or was an inmate in the custody of DOCCS. Disclosure of Confidential material to the Plaintiffs shall be subject to paragraph 11 above.

15. No person receiving Confidential or Attorney's Eyes Only material pursuant to this Stipulation and Protective Order shall disclose or discuss such material in any manner, written or oral, to or with any person who is not entitled to receive such information pursuant to this Stipulation and Protective Order.

16. The Confidential or Attorney's Eyes Only material shall not be disclosed in open court without first affording counsel for DOCCS Defendants and counsel for Nurse Forest an opportunity to contest disclosure and/or admissibility of such Confidential or Attorney's Eyes Only material.

17. If Plaintiffs' attorneys intend to file with the Court any papers that attach, enclose, or contain Confidential or Attorney's Eyes Only material (as defined in this Stipulation and Protective Order), unless counsel for DOCCS Defendants and Nurse Forest consent in writing otherwise, Plaintiffs' attorneys shall request or move the Court to direct that such documents be filed under seal, following the Court's rules, procedures, and practices for making such a request or motion.

18. All papers directed by the Court to be filed under seal in accordance with paragraph 17 above, shall be filed in accordance with the Sealed Records Filing instructions of the United States District Court for the Southern District of New York and the Court's individual rules and practices, if any.

19. Nothing herein shall be deemed to waive any applicable privilege or objection to production. Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party

to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) and Fed. R. Civ. P. 26(b)(5)(B) relating to inadvertent disclosure. However, nothing herein shall be deemed to waive the right of the receiving party to dispute the producing party's claim of privilege or objection.

20. Confidential or Attorney's Eyes Only material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

21. Within sixty (60) days of the conclusion of this Action, including appeals, Plaintiffs' counsel shall either return to counsel for DOCCS Defendants or Nurse Forest all Confidential or Attorney's Eyes Only material, and any copies thereof, in its custody, possession or control and any documents containing Confidential or Attorney's Eyes Only material, in whole or in part, and any copies made therefrom or shall notify counsel for all Defendants in writing that all such material has been destroyed. Notwithstanding the foregoing, Plaintiffs' counsel may retain (1) attorney work product that refers to or relates to Confidential or Attorneys' Eyes Only material and (2) copies of all documents filed with the Court, including documents filed under seal. Any retained Confidential or Attorney's Eyes Only material will continue to be protected by this Stipulation and Protective Order.

22. Within sixty (60) days of the conclusion of this Action, Plaintiffs' counsel shall seek to retrieve from the Court's file any Confidential or Attorney's Eyes Only material filed in Court and, unless the Court denies the application, shall either return such Confidential or Attorney's Eyes Only material to counsel for DOCCS Defendants and Nurse Forest within (60) days of retrieval or shall notify all Defendants' counsel in writing that all such Confidential or Attorney's Eyes Only material has been destroyed.

23. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in paragraph 2 and 3 herein.

Dated: New York, New York
March 2, 2021

LIAKAS LAW, PC
Counsel for Plaintiffs

*Nicholas Mindicino*

Nicholas Mindicino, Esq.
65 Broadway, 13th Floor
New York, New York 10006
(212) 937-765
nmindicino@liakislaw.com

Dated: New York, New York
March 5, 2021

HOGUET NEWMAN REGAL & KENNEY, LLP
Counsel for Nurse Forest

*Steven Silverberg*

Helene Rachel Hechtkopf, Esq. Steven M. Silverberg
60 East 42nd Street, 48th Floor
New York, NY 10165
212-689-8808
hhechtkopf@hnrklaw.com

Dated: New York, New York
March 9, 2021

LETITIA JAMES
Attorney General of the
State of New York
Attorney for Defendants Wood, Putkowski & Parker

By: *Neil Shevlin*

NEIL SHEVLIN
Assistant Attorney General
28 Liberty Street - 18th Floor
New York, New York 10005
(212) 416-8561
Neil.Shevlin@ag.ny.gov

SO ORDERED:

Dated: March 10, 2021

*Kenneth M. Karas*

HON. KENNETH M. KARAS
United States District Court Judge
White Plains, New York

## CERTIFICATION

I certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in <u>Estate of Anderson v. Wood, et al.</u>, 20CV01985 (KMK), currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential and Attorney's Eyes Only Material, including but not limited to any notes or other transcriptions made of Confidential and Attorney's Eyes Only Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____

_____
SIGNATURE

_____
PRINT NAME

_____

_____
ADDRESS

_____
TELEPHONE NUMBER